1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9

10

11    F B T, INC.                              Case No. 1:12-cv-01734-AWI-MJS

                         Plaintiff,            FINDINGS AND RECOMMENDATIONS
12                                             REGARDING PLAINTIFF'S MOTION FOR
         v.                                    DEFAULT JUDGMENT AGAINST AESA
13                                             LOGISTICS CORP.

14    AESA LOGISTICS CORP. and DAWN            (ECF No. 13)
      FOOD PRODUCTS, INC.; and DOES 1-5,
15    inclusive,                               FOURTEEN-DAY DEADLINE

16                         Defendants.

17    _____/

18

19    **I.    PROCEDURAL HISTORY**

20         On October 24, 2012, Plaintiff F B T, Inc. ("Plaintiff") initiated this action against

21    Defendants Aesa Logistics Corporation ("Aesa")  and Dawn Food Products, Incorporated.

22    ("Dawn"; jointly with Aesa, "Defendants"). (See Compl., ECF No. 1.) Plaintiff asserted

23    causes of action against Defendants for breach of contract, quasi contract/quantum meruit,

24    and open book account. Plaintiff served the summons and complaint on the respective

25    agents designated for service of process by Dawn and Aesa, on October 31, 2012, and

26    November 4, 2012, respectively. Neither Defendant filed an answer or otherwise appeared

27    in this action.

28         On November 29, 2013  pursuant to Plaintiff's request, the Clerk of the Court entered

the default of both Defendants. (ECF No. 10.) Thereafter, on February 4, 2013, Plaintiff filed the instant motion for default judgment. (Mot., ECF No. 13.) On March 11, 2013, Plaintiff filed a stipulation and proposed order to set aside the request for entry of default as to Dawn. (Stip., ECF No. 16.) The Court granted the stipulation on March 18, 2013. (ECF No. 17.) Accordingly, the present application for default judgment shall proceed only with regard to the lone defaulted defendant, Aesa.

Plaintiff's motion for default was set for hearing on March 22, 2013.  A copy of the motion was served by mail on Aesa. However, no opposition or other participation by Aesa ever having been filed and the matter otherwise being found suitable for decision without oral argument, the Court vacated the hearing and deemed the matter submitted.  Local Rule 230(g).

## II.   FACTUAL BACKGROUND

According to the Complaint and the sworn Declaration of Devinder Singh, Plaintiff's President, Plaintiff, a California corporation with its principal place of business in Bakersfield, California, is a federally licensed motor carrier engaged in the business of interstate carriage for hire. (Compl. ¶¶ 1-2.) Defendant Aesa, a Florida corporation and federally licensed property broker, arranged for F B T to transport 25 shipments tendered by Defendant Dawn between December 2011 and April 2012. (Id. at ¶¶ 3, 11-12; Singh Decl. ¶¶ 3-4.) F B T transported each of the 25 shipments from various points of origin, including Modesto, California and delivered the same to various destinations in the United States. (Compl. at ¶ 15.) Plaintiff invoiced Aesa for each of the 25 shipments, totaling $91,050.00 in transportation charges. (Id. at ¶ 18; Singh Decl. ¶ 10.) Aesa accepted each of F B T's invoices and related documentation without objection or protest. (Compl. at ¶ 20; Singh Decl. ¶ 11.) Despite demand Aesa has failed to make payment to Plaintiff. (Singh Decl. ¶ 12.)

Plaintiff now requests entry of default judgment in the amount of $91,050.00 plus interest from and after June 18, 2012, pursuant to California Civil Code § 3289. (Garfinkel Decl. ¶ 10.)  Plaintiff also requests the opportunity to submit a bill of costs following entry

of the default judgment. (Id. ¶ 11.)

**III.    ANALYSIS**

    **A.    Legal Standard**

      Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).

      As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law).

      The decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

///

**B.   *Eitel* Factors**

The just-enumerated factors are evaluated in the context of this case.

1.   Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether Plaintiff would suffer prejudice if default judgment were not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Denying default judgment here would leave Plaintiff without a proper remedy with regard to Aesa. See Pepsico, 238 F.Supp.2d at 1177 (stating plaintiffs would have no other recourse for recovery if default judgment was not granted). Since Aesa has not appeared in the action even though it has been served, there is no way for Plaintiff to move the case forward against Aesa except by way of moving for default judgment. Denying Plaintiff a default judgment is unwarranted given that Plaintiff has delivered 25 shipments at the request of Aesa and has not received payment for its services. Since the facts in the complaint are deemed true, see Geddes, 559 F.2d at 560, the Court concludes that Plaintiff would suffer prejudice if a default judgment were not entered. This factor weighs in favor of default judgment.

2.   Merits of Substantive Claims and Sufficiency of Complaint

The second and third Eitel factors call for consideration of the merits of the substantive claims and the sufficiency of the complaint to determine whether plaintiff has stated a claim on which it  may recover. See PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, Plaintiff has asserted claims for breach of contract, quantum meruit, and open book account.

a.   Breach of Contract

To establish a breach of contract claim under California aw, a plaintiff must plead: (1) the existence of contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting from the breach. Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1059 (N.D. Cal. 2010); McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1489, 49 Cal. Rptr. 3d 227 (Cal. 2006).

Plaintiff's Complaint and declarations set out the essential elements of a breach of

contract claim against Aesa. Specifically, Plaintiff has alleged entering into and performing a series of shipping agreements for the benefit of Aesa on which Aesa became and remained obligated to pay $91,050.00.  Nevertheless, Aesa has failed and refused to pay and Plaintiff has been damaged by the loss of said agreed-upon payment. Accepting these factual allegations as true, as the Court must in deciding a motion for default judgment, Plaintiff has pled and proved a claim for breach of the bill of lading contracts against Aesa.

b.    Quasi Contract/Quantum Meruit

Under the doctrine of quantum meruit, "a plaintiff who has rendered services benefitting a defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." In re De Laurentiis Entm't Group Inc., 963 F.2d 1269, 1272 (9th Cir.1992).  "Quantum meruit is not the same as a contract implied in fact. Quantum meruit is based not on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation." Id.

Here, Plaintiff has alleged that it provided valuable transportation services to and for the benefit of Aesa who accepted such services but refused to pay for them. (Compl. ¶¶ 24-25.) Accordingly, Plaintiff has stated a quantum meruit claim.

c.    Open Book Account

Under California law, a "book account" is defined as:

a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Civ. Proc. Code § 337a. A claim on an open book account is proper "whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." Kawasho In't, U.S.A. v. Lakewood Pipe Svc., Inc., 152 Cal.App.3d 785, 793, 201 Cal.Rptr. 640 (1983).

Plaintiff alleges that within the last four years, and specifically during calendar year 2012, Defendants became indebted to Plainitff in the sum of $91,050.00 as of June 18, 2012, on open book account for the transportation of goods for the benefit of both Defendants.  Plaintiff has stated a claim for open book account.

Accordingly, the Court finds that the second and third <u>Eitel</u> factors weigh in favor of granting Plaintiff default judgment.

3.   <u>Amount of Money at Stake</u>

The fourth <u>Eitel</u> factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." <u>Pepsico</u>, 238 F.Supp.2d at 1176; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. Here, Plaintiff seeks $91,050.00 due under the bill of lading contracts as well as prejudgment interest. (Compl. ¶¶ 18-22.) In support of its request, Plaintiff proffers copies of the invoices and the underlying shipping documents which reflect the outstanding balance.(Singh Decl., Ex. A.) The documents clearly indicate that F B T made shipments of goods for Dawn throughout the United States, including within the Eastern District of California, at the request of Aesa. (<u>Id.</u>) Plaintiff also proffers the declarations of Gregg S. Garfinkel and Devinder Singh who state that total transportation charges due and owing are $91,050.00. (Singh Decl. ¶¶ 10-12; Garfinkel Decl. ¶ 9.) Based on the evidence presented, the Court concludes that the damages Plaintiff seeks are consistent with the terms of the contracts and are otherwise appropriate. This factor therefore weighs in favor of entry of default judgment.

4.   <u>Remainder of <em>Eitel</em> Factors</u>

The remaining <u>Eitel</u> factors support entry of default judgment: (1) no one has raised or suggested the possibility of any dispute regarding any fact material to this case; (2) there is no evidence that Aesa's default was due to excusable neglect; indeed, it appears that notwithstanding notice of Plaintiff's claims and this action to collect on them, Aesa has simply elected not to respond or participate; (3) public policy certainly favors having debtors satisfy their just debts and similarly militates against allowing one to frustrate collection of same by failing to participate in the litigation of them. <u>See</u>, e.g., <u>Elektra Entm't Group, Inc.</u>

1  v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005).

2          Based on the above, the Court finds that the Eitel factors weigh in favor of granting
3  the motion for default judgment. Accordingly, the Court recommends that default judgment
4  be entered against Aesa.

5          **C**      **Damages**

6          Plaintiff seeks the sum of $91,050.00 as the unpaid balance due on the invoices and
7  shipping bills of lading. (Singh Decl. ¶ 10-12.) Plaintiff has verified this amount through
8  exhibits and declarations.  The Court recommends the requested relief be awarded as and
9  for contract damages.

10         Plaintiff also requests interest on the unpaid balance at a rate of 10% per annum
11  from June 18, 2014 pursuant to California Civil Code § 3289(b). The  Court recommends
12  Plaintiff recover the requested interest for the period from and after June 18, 2014, until
13  paid.

14         **D.**      **Costs**

15         Plaintiff has stated that he will file a bill of costs after the default judgment is
16  processed to recoup costs relating to filing and process server fees. (Garfinkel Decl. ¶ 11.)
17  The Court shall address Plaintiff's request upon receipt of the bill of costs.

18  **IV.**    **RECOMMENDATION**

19         It is HEREBY RECOMMENDED:

20  1.      Plaintiff's motion for default judgment be GRANTED; and

21  2.      Default judgment be ENTERED in favor of Plaintiff, Plaintiff F B T, Inc., and
22          against Defendant Aesa Logistis Corp. only in the amount of $91.050.00 plus
23          interest thereon at the rate of 10% per annum beginning June 18, 2012.

24         These Findings and Recommendations are submitted to the Honorable Anthony W.
25  Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)
26  (B ) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
27  District of California. Within fourteen (14) days after being served with a copy, any party
28  may serve on opposing counsel and file with the court written objections to such proposed

findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:    March 20, 2013                   /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE